IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEIF'S AUTO COLLISION CENTERS, LLC, | CV. 06-1485-PK |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| AMERICAN FAMILY INSURANCE GROUP, INC., | |
| Defendant. | |

PAPAK, Magistrate Judge:

      Plaintiff Leif's Auto Collision Centers, LLC ("Leif's") filed a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1). Defendant American Family Insurance Group, Inc. ("American Family") objected to the notice, arguing that dismissal under Rule 41(a)(1) is not proper and asking the court to dismiss the case under Fed. R. Civ. P. 41(a)(2) and award American Family attorney fees and costs. For the reasons set forth below, this action should be dismissed with prejudice pursuant to Fed. R Civ. P. 41(a)(2) and American Family's request for

Page 1 - FINDINGS AND RECOMMENDATION

attorney fees and costs should be addressed upon the filing by American Family of a separate post-judgment motion for attorney fees and cost bill.

## FACTUAL BACKGROUND

In November 2005, Leif's filed suit against six insurance defendants, including American Family, in state court, claiming tortious interference with contract/prospective advantage under Oregon law. Four of the six defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. (Case No. 05-1958-PK) On January 12, 2006, American Family filed its Answer. On January 30, 2006, Leif's filed a motion to remand arguing the district court lacked subject matter jurisdiction due to the absence of complete diversity of defendants. On March 9, 2006, I issued a Findings and Recommendation that the action be remanded. Judge Haggerty adopted the Findings and Recommendation, and the case was remanded back to state court.

In October 2006, the Multnomah County Circuit Court granted American Family's motion to sever and proceed separately from the other defendants. American Family then removed the action once again to this court. (Case No. 06-1484-PK) On June 15, 2007, Leif's filed the Notice of Voluntary Dismissal that is the subject of this Findings and Recommendation.

## ANALYSIS

Leif's filed a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1), which does not require a court order. A plaintiff may voluntarily dismiss an action without an order by the court in two ways. First, "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed. R. Civ. P. 41(a)(1). Second, "by filing a stipulation of dismissal signed by all parties who have appeared in the action." Id. American Family argues, and the court agrees, that a dismissal pursuant to Fed.

R. Civ. P. 41(a)(1) is inappropriate.  American Family filed an answer on January 12, 2006, after the case was removed to federal court the first time.  When the case was remanded back to state court, severed, and then removed again to this court, American Family's answer followed the case.  American Family was not required to replead.  See e.g. Fed. R Civ. P. 81(c) ("Repleading is not necessary unless the court so orders.").  Because American Family had already filed an answer, and Leif's failed to get a signed stipulation from American Family, this case may not be voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(1).

Pursuant to Fed. R. Civ. P. 41(a)(2), the court may make an order dismissing the case "upon such terms and conditions as the court deems proper."  However, "[i]f a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

American Family has alleged a counterclaim for attorney fees pursuant to ORS 20.105,[1] alleging that Leif's had no objectively reasonable basis for asserting the alleged claims against

---

[1]ORS 20.105(1) states,

> In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal.

Page 3 - FINDINGS AND RECOMMENDATION

American Family. American Family objects to the dismissal of this lawsuit unless the court conditions dismissal on an award of costs and attorney fees to American Family.

This action may be dismissed despite American Family's objection because American Family's claim for attorney fees can remain pending for independent adjudication by the court. The Federal Rules of Civil Procedure provide that claims for attorney fees "shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed. R Civ. P. 54(d)(2)(A). Furthermore, the motion for attorney fees may be made up to 14 days after the entry of judgment. Fed. R Civ. P. 54(d)(2)(B).

## CONCLUSION

For the reasons set forth above, this action should be dismissed with prejudice[2] pursuant to Fed. R. Civ. P. 41(a)(2) and a judgment should be prepared. American Family's request for attorney fees and costs reasonably incurred should be addressed upon the filing by American Family of a separate post-judgment motion for attorney fees and cost bill.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due July 23, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed,

---

[2] A dismissal pursuant to Fed. R. Civ. P. 41(a)(1) or (2), unless otherwise stated in the notice of dismissal, stipulation, or order, is without prejudice. Here, the Notice of Dismissal filed by Leif's did not state that the action is dismissed with prejudice. In its briefing, however, Leif's concedes that the dismissal should be with prejudice.

Page 4 - FINDINGS AND RECOMMENDATION

a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 6th day of July, 2007.

                                   /s/ Paul Papak
                                  Honorable Paul Papak
                                  United States Magistrate Judge