IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEIF'S AUTO COLLISION CENTERS, LLC, | CV. 06-1485-PK |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| AMERICAN FAMILY INSURANCE GROUP, INC., | |
| Defendant. | |

PAPAK, Magistrate Judge:

Before the Court is defendant American Family Insurance Group, Inc.'s (American Family) Motion for Attorney Fees and Costs (No. 25) and Bill of Costs (No. 29) against plaintiff Leif's Auto Collision Center, LLC (Leif's). For the reasons set for below, American Family's motion and bill of costs is denied.

PROCEDURAL BACKGROUND

In November 2005, Leif's filed suit against six insurance defendants, including American

Page 1 - OPINION AND ORDER

Family, in state court, claiming tortious interference with contract/prospective advantage under Oregon law. Four of the six defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. (Case No. 05-1958-PK) Leif's filed a motion to remand arguing the district court lacked subject matter jurisdiction due to the absence of complete diversity of defendants. I issued a Findings and Recommendation that the action be remanded. Judge Haggerty adopted the Findings and Recommendation, and the case was remanded back to state court.

In October 2006, the Multnomah County Circuit Court granted American Family's motion to sever and proceed separately from the other defendants. American Family then removed the action once again to this court. (Case No. 06-1484-PK)

On June 15, 2007, Leif's filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1). American Family objected to the notice, arguing that dismissal under Rule 41(a)(1) was not proper and asking the court to dismiss the case under Fed. R. Civ. P. 41(a)(2) and award American Family attorney fees and costs. On July 9, I issued a Findings and Recommendation dismissing the action under Fed. R. Civ. P. 41(a)(2) and stating that American Family's request for attorney fees and costs should be addressed upon the filing by American Family of a separate post-judgment motion for attorney fees and cost bill. Judge King adopted the Findings and Recommendation on July 26.

American Family has now filed a Motion for Attorney Fees and Costs pursuant to ORS 20.105(1), arguing that Leif's had no objectively reasonable basis for asserting its claim against American Family for tortious interference with contract/prospective advantage because Leif's could produce no evidence that American Family intentionally interfered through an improper means.

LEGAL STANDARD

Under Oregon law,[1] a prevailing party is entitled to reasonable attorney fees if the other party had no objectively reasonable basis for asserting the claim:

> In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal.

ORS 20.105(1). "[A] party has 'no objectively reasonable basis' for asserting a claim only if the party's position is entirely devoid of legal or factual support at the time it was made." *Dimeo v. Gesik*, 195 Or. App. 362, 371 (2004) *opinion adhered to as modified on reconsideration* 197 Or. App. 560.

"Whether a party has an objectively reasonable basis for asserting a claim is a function of the substantive law governing the claim." *Dimeo v. Gesik*, 195 Or. App. 362, 369 (2004). To prevail on its claim for intentional interference with contract or prospective advantage, Leif's would have to establish each of the following elements:

> (1) the existence of a professional or business relationship (which could include, *e.g.,* a contract or a prospective economic advantage), (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for

---

[1] This court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. In diversity cases, attorney fee awards are governed by state law. *Gardner v. Martin,* 2006 WL 2711777, *2 (D. Or. 2006) (unpublished).

Page 3 - OPINION AND ORDER

> an improper purpose, (5) a causal effect between the interference
> and damage to the economic relationship, and (6) damages.

*McGanty v. Staudenraus* 321 Or. 532, 535 (1995).

ANALYSIS

American Family argues first that Leif's claim was objectively unreasonable because Leif's claim was foreclosed by *Top Service Body Shop, Inc. v. Allstate Ins. Co.*, 283 Or. 201 (1978). In *Top Service*, the records showed that Allstate had a practice of designating certain repair shops as "competitive shops" to which it preferred to send insurance claimants for repairs. Top Service claimed that Allstate actively discouraged claimants from using Top Service and disparaged Top Service's work. The court affirmed a judgment notwithstanding the verdict in favor of Allstate on the grounds that Top Service failed to meet its evidentiary burden and Allstate had a legitimate business reason for its conduct. On appeal, Top Service did not contend that it had direct evidence of bad intent, but argued that the jury could infer bad intent from Allstate's acts. The court found that the record did not support such an inference.

Leif's argues, and I agree, that *Top Service* does not foreclose the claim alleged by Leif's. Leif's alleges that American Family accomplished the alleged interference by improper means. The plaintiff in *Top Service* had alleged improper means and improper motive, but the improper means theory was not submitted to the jury and therefore was not considered by the court on appeal. Furthermore, rather than foreclose the possibility of an improper means claim, the court acknowledged that Top Service possibly could have prevailed on a claim for interference through improper means:

> Plaintiff contends that its case did not depend solely on proof of
> Allstate's wrongful motive. It argues that, contrary to the trial
> court's conclusion, Allstate would not be privileged to interfere

> with plaintiff's business relations by unlawful or otherwise improper means even in pursuit of its own business objectives. As unlawful or improper practices, plaintiff points to defendant's disparagement of its services, the price discriminations discussed in Part II, below, and violation of other statutory policies. **Plaintiff's contention may well be a correct view of the law, as we have reviewed it above, but it does not help plaintiff on this appeal. The difficulty is that the case was submitted to the jury solely on the theory of liability for purposely seeking to harm plaintiff's business. Even if defendant might also have been liable on an alternative theory of tortious interference by improper means, we cannot reinstate the verdict on that theory, which was not presented to the jury.** Since the trial court did not err in its ruling under the theory on which the case was submitted, the judgment on the first cause of action must be affirmed.

*Id.* at 215-16 (emphasis added).

Even if *Top Service* does not foreclose the improper means claim, American Family argues that Leif's could present no evidence that American Family *intentionally* interfered with Leif's business. I disagree. Leif's alleged in its complaint that American Family intended to interfere with Leif's contracts and prospective advantages. *See* Complaint ¶20. This case was voluntarily dismissed at a very early stage and it does not appear that any discovery was conducted. Based on the record before me, I cannot say that Leif's could produce no evidence of intentional interference by American Family.

CONCLUSION

For the reasons set forth above, defendant American Family insurance Group's Motion for Attorney Fees (No. 25) and Bill of Costs (No. 29) is denied.

IT IS SO ORDERED.

Dated this 22nd day of October, 2007.

   /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge